Exhibit "1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| James Russo,<br><br>                Plaintiff,<br><br>– against–<br><br><br>United Recovery Systems, LP and Capital One Bank (USA), N.A.,<br><br>                Defendant(s). | Index No.<br><br>**SUMMONS**<br><br>Plaintiff's address:<br>2081 Hendrickson Street<br>Brooklyn, NY 11234<br><br>**The basis of the venue designated is:**<br>**Plaintiff's Residence** |

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Kings at the office of the Clerk of the said Court at 360 Adams Street in the County of Kings, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: January 9, 2014
New York, New York

                              **Law Offices of Robert S. Gitmeid & Assoc., PLLC**

                    By: /s/ Stuart Werbin
                        Stuart Werbin, Esq.
                        11 Broadway, Suite 1677
                        New York, NY 10004
                        Tel (866) 707-4595 ext. 1004
                        Fax (866) 460-5541
                        Stuart.Werbin@gitmeidlaw.com
                        Attorneys for Plaintiff

NOTE: The laws or rules of court provide that:

(a)   If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the County of Kings, you must appear and answer within TWENTY (20) days after such service; or

(b)   If this summons is served by delivery to any person other than you personally, or is served outside the County of Kings, or by publication, or by means other than personal delivery to you within the County of Kings, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Defendant Capital One Bank (USA), N.A. is located at 15000 Capital One Drive, Richmond, VA 23238.

Defendant United Recovery Systems, LP is located at 5800 North Course Drive, Houston, TX 77072.

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF KINGS

| | |
|---|---|
| James Russo,<br><br>               Plaintiff,<br><br>    – against–<br><br><br>United Recovery Systems, LP and Capital One Bank (USA), N.A.,<br><br>               Defendant(s). | Index No.<br><br><br><br>**VERIFIED COMPLAINT** |

Plaintiff JAMES RUSSO, by and through his attorneys, Law Offices of Robert S. Gitmeid & Associates, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, James Russo, is an adult residing in Brooklyn, NY.

3. Defendant United Recovery Systems, LP is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 5800 North Course Drive, Houston, TX 77072.  The principal purpose of Defendant is the collection of debts using the mails and

telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Capital One Bank (USA), N.A. is located at 15000 Capital One Drive, Richmond, VA 23238.

5. Defendant United Recovery Systems, LP is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant United Recovery Systems, LP ("URS") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Capital One Bank (USA), N.A. ("Capital One").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. URS and Capital One sent Plaintiff a dunning letter dated January 25, 2013, agreeing to a settlement of Plaintiff's Capital One account.

10. This letter stated the following:

"On the above date [January 25, 2013], our client agreed to accept your offer of payment(s) totaling $4,306.00 as settlement for monies owing on your account. The terms of the agreement are:

| Date | Amount | Date | Amount |
|---|---|---|---|
| 01/29/2013 | $240.00 | 02/28/2013 | $406.00 |
| 03/29/2013 | $406.00 | 04/29/2013 | $406.00 |
| 05/29/2013 | $406.00 | 06/29/2013 | $406.00 |
| 07/29/2013 | $406.00 | 08/29/2013 | $406.00 |
| 09/29/2013 | $406.00 | 10/29/2013 | $406.00 |
| 11/29/2013 | $412.00" | | |

11. Thus, URS and Capital One acknowledged in writing that they had agreed to a settlement with Plaintiff in consideration of payments which Plaintiff would be required to make.

12. Beginning on January 29, 2013, and continuing through November 29, 2013, Plaintiff made all the required timely monthly payments, in accordance with the agreement.

13. URS and Capital One accepted and cashed the first <u>ten</u> of these payments, through October 29, 2013.

14. Thereafter, URS and Capital One reneged on the agreement and refused to accept the eleventh and final payment from Plaintiff, despite Plaintiff's attempt to pay.

15. URS's and Capital One's reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

16. URS's letter confirming the settlement was false, deceptive, and misleading, in violation of the FDCPA.

17. URS knew or should have known that its actions violated the FDCPA. URS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 herein.

21. URS and Capital One acknowledged in writing that they had agreed to a settlement with Plaintiff in consideration of eleven payments which Plaintiff would be required to make.

22. Plaintiff made all eleven required timely monthly payments, in accordance with the agreement. URS and Capital One accepted and cashed the first ten of these payments. Thereafter, they reneged on the agreement and refused to accept the eleventh and final payment.

23. URS and Capital One reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

24. As a result, Plaintiff has suffered monetary damages.

### SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 herein.

26. By reason of the foregoing, URS and Capital One breached the implied covenant of good faith and fair dealing implicit in their Settlement Agreement with Plaintiff.

27. As a result, Plaintiff has suffered monetary damages.

### THIRD CAUSE OF ACTION
(Fair Debt Collection Practices Act)

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 herein.

29. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

30. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

31. URS violated this provision by deceptively agreeing to a settlement with Plaintiff which it never intended to abide by and/or intended to breach.

32. As a result of the above violation of the FDCPA, URS is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $15,000 be entered against Defendants as follows:

(a) That judgment be entered against both Defendants for monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

(b) That judgment be entered against Defendant URS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant URS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) That the Court grant such other and further relief as may be just and proper.

Dated: January 9, 2014
New York, New York

                **Law Offices of Robert S. Gitmeid & Assoc., PLLC**

                By: /s/ Stuart Werbin
                    Stuart Werbin, Esq.
                    11 Broadway, Suite 1677
                    New York, NY 10004
                    Tel (866) 707-4595 ext. 1004
                    Fax (866) 460-5541
                    Stuart.Werbin@gitmeidlaw.com
                    Attorneys for Plaintiff

**VERIFICATION BY ATTORNEY**

State of New York        )
                         ) ss.:
County of New York       )

I, STUART WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with the Law Offices of Robert S. Gitmeid & Associates, attorneys for JAMES RUSSO the plaintiff in the foregoing matter, with an office located at 11 Broadway, New York, NY 10004.  I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: New York, New York
January 9, 2014

                                              /s/ Stuart Werbin
                                              STUART WERBIN