UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
JAMES RUSSO,

               Plaintiff,

- against -

UNITED RECOVERY SYSTEMS, LP and
CAPITAL ONE BANK (USA), N.A,

               Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

14 CV 851 (RJD) (VVP)

DEARIE, District Judge

    Plaintiff James Russo alleges the defendants Capital One Bank (USA), N.A. ("Capital One") and United Recovery Systems, LP ("URS") breached an agreement to settle a debt owed by Russo. Originally filed in New York Supreme Court, Kings County, defendants properly removed this action on February 7, 2014. Defendants have since moved to dismiss, pursuant to Rule 12(b)(6), on the grounds that (1) the settlement agreement is not an enforceable contract, (2) the elements of a contract claim have not been adequately pled, (3) the claim for breach of the implied covenant is redundant of the contract claim, and (4) plaintiff has failed to allege a violation of the Fair Debt Collection Practices Act ("FDCPA"). For the reasons set forth below, the motion to dismiss is granted in part.

## BACKGROUND

    The relevant facts are not in dispute.[1] Russo owed $7,841.00 in credit card debt to Capital One. In June 2012, Russo enrolled in Eagle One Debt Solutions' settlement program in

---

[1] The following facts are drawn from the complaint and are accepted as true for purposes of this motion. LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009). Both parties urge the Court to take judicial notice of facts and documents contained in declarations accompanying the motion and opposition. Because neither party objects to the

hopes of reducing his debt owed to Capital One. Eagle One negotiated with Capital One's debt collector, URS, and reached a settlement on January 25, 2013. The settlement agreement was prepared and signed by URS and bears the heading "SETTLEMENT!!!" It recites that Capital One "agreed to accept your offer of payment(s) totaling $4,306.00 as settlement for monies owing on [Russo's] account." The agreement required Russo to make eleven payments in accordance with the following schedule:

| Date | Amount | Date | Amount |
|------|--------|------|--------|
| 01/29/2013 | $240.00 | 02/28/2013 | $406.00 |
| 03/29/2013 | $406.00 | 04/29/2013 | $406.00 |
| 05/29/2013 | $406.00 | 06/29/2013 | $406.00 |
| 07/29/2013 | $406.00 | 08/29/2013 | $406.00 |
| 09/29/2013 | $406.00 | 10/29/2013 | $406.00 |
| 11/29/2013 | $412.00 | | |

The agreement indicated that at the time of settlement Russo owed $8,611.04. Russo made the first ten of these payments in a timely manner. However, Capital One and URS refused to accept the final payment, apparently contending that Russo owes the entirety of the remaining balance of his original debt to Capital One.

Russo filed suit on January 9, 2014, alleging a breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Defendants removed this action from state court on February 7, 2014, and then filed their motion to dismiss on August 8, 2014.

DISCUSSION

A. Standard of Review

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d

---

inclusion of these facts (and since the outcome of the motion does not turn on them), the Court includes them.

2

Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In deciding such a motion, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Griffin v. City of New York, 880 F. Supp. 2d 384, 392-93 (E.D.N.Y. 2012) (Dearie, J.) (quoting Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

B. Contract Claims

1. Governing Law

The Court must first determine what law governs Russo's state law claims. The Court follows "the choice of law rules of New York, the forum state," in confronting the choice of law question. Totalplan Corp. of Am. v. Colborne, 14 F.3d 824, 832 (2d Cir. 1994). The first step of the analysis "is to determine whether there is an actual conflict between the laws of the jurisdictions involved." Maryland Cas. Co. v. Cont'l Cas. Co., 332 F.3d 145, 151 (2d Cir. 2003) (citations omitted). Defendants argue that Virginia law governs Russo's state law claims while Russo believes that New York law should apply. As the parties' briefing correctly identifies a significant conflict between New York and Virginia law with respect to at least some of Russo's substantive claims, this Court must therefore decide which state's law applies.

In contract actions, New York courts apply a "center of gravity" approach, which requires consideration of "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties." GlobalNet Fin..Com. Inc. v. Frank Crystal & Co., 449 F.3d 377, 383 (2d Cir. 2006). However, "in cases

3

involving a contract with an express choice of law provision ... a court is to apply the law selected in the contract ...." Aramarine Brokerage, Inc. v. OneBeacon Ins. Co., 307 F. App'x 562, 564 (2d Cir. 2009) (citations omitted). Here, defendants urge that the "applicable law" provision in Capital One customer agreements requires the application of Virginia law to the settlement agreement between the parties. The Court cannot agree.

Accepting the allegations in the complaint as true, there is nothing to suggest that the settlement agreement retains the choice of law stipulated in the customer agreements. The "applicable law" provisions in the customer agreements do not purport to extend beyond the customer agreements themselves. These provisions do not indicate that they govern the discharge of credit card debt or any future agreements between the parties. Moreover, the settlement agreement is not a mere modification. It is a separate agreement, prepared and signed by URS on behalf of Capital One, and bearing the heading "SETTLEMENT!!!" Nothing in the agreement indicates that it modifies the customer agreements or retains any of their terms. Indeed, it makes no reference at all to the customer agreements. The governing law provision in the customer agreements therefore do not apply. See Nat'l Oil Well Maint. Co. v. Fortune Oil & Gas, Inc., No. 02 CV. 7666, 2005 WL 1123735, at *3 (S.D.N.Y. May 11, 2005). Without a choice of law provision in play, the Court applies the "center of gravity" approach. Accepting the allegations in the complaint as true, because Russo negotiated and signed the settlement in New York and is domiciled in the state as well, the Court applies New York law.

2. Breach of Contract

Russo alleges that defendants breached their settlement agreement to discharge Russo's debt for $4,306.00. To state a claim for breach of contract under New York law, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by

4

the plaintiff, (3) breach of contract by the defendant, and (4) damages." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)). Defendants make a few arguments, each of which lacks merit.

First, defendants argue that consideration is required to make a contract modification enforceable. Not so under New York law. "An agreement . . . to change or modify, or discharge in whole or in part, any contract [or] obligation . . . shall not be invalid because of the absence of consideration, provided that the agreement . . . shall be in writing and signed . . . ." N.Y. Gen. Oblig. Law § 5-1103; see also Milgrim v. Backroads, Inc., 91 F. App'x 702, 704 (2d Cir. 2002). The settlement agreement is a signed writing and is therefore enforceable. The New York precedent cited by defendants is not to the contrary.

Second, defendants contend that Russo has not suffered any recoverable loss because he has not been required to make additional payments. Russo, relying on facts outside of the complaint, states that he incurred debt settlement and legal fees. Russo's damages could be many things: the lost "benefit of the bargain" of his settlement, the cost of a debt settlement company, or legal fees. But at this stage, Russo "need only allege that [he] was damaged; [he] is not required to specify the measure of damages nor plead proof of causation." Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004).

Lastly, defendants argue URS was Capital One's agent and therefore cannot be held responsible for a breach of contract. Because this argument was first raised in defendants' reply brief, it is an improper basis for dismissal of the claim. See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999). Moreover, because the legal relationship between Capital One and URS is a question of fact, dismissal on these grounds would be premature.

### 3. Breach of the Implied Covenant of Good Faith and Fair Dealing

Russo also alleges that defendants breached the covenant of good faith and fair dealing implied in the settlement agreement. New York law implies a covenant of good faith and fair dealing in every contract "pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 407 (2d Cir. 2006) (citation omitted). The covenant "can only impose an obligation consistent with other mutually agreed upon terms in the contract. It does not add to the contract a substantive provision not included by the parties." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 198-99 (2d Cir. 2005) (citation omitted). For this reason, a claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of a covenant of an express provision of the underlying contract. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 434 n.17 (2d Cir. 2011) (plaintiff's "claim for breach of the implied covenant of good faith and fair dealing . . . is based on the same facts as its claim for breach of contract" and therefore "should have been dismissed as redundant"); Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.").

Here, Russo's breach of the implied covenant claim is redundant of his breach of contract claim as both are based on the same operative facts. Because he has pled a breach of the express terms of the settlement agreement, and has not alleged an alternative, implied term of the contract that has been breached, this claim is duplicative. "While in most cases, a plaintiff may plead even inconsistent claims pursuant to Fed. R. Civ. [P.] 8(d), in the context of a claim for

6

breach of the covenant of good faith and fair dealing, 'claims are not 'in the alternative' when they are based on the exact same allegations.'" Spread Enterprises, Inc. v. First Data Merch. Servs. Corp., No. 11-CV-4743, 2012 WL 3679319, at *5 (E.D.N.Y. Aug. 22, 2012) (quoting Gray v. Toyota Motor Sales, U.S.A., Inc., 806 F. Supp. 2d 619, 624 (E.D.N.Y. 2011)). The cases cited by Russo are not to the contrary. Accordingly, the breach of the implied covenant claim is dismissed.

C.   Fair Debt Collection Practices Act Claim

Russo alleges that defendants have violated the FDCPA. Section 1692e creates a "general prohibition" against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). This section provides a non-exhaustive list of practices that fall within this ban, and subsection 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The fact that a communication "can be reasonably read to have two or more different meanings . . . will not prevent it from being held deceptive under § 1692e(10) of the Act." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). Defendants argue that the *only* way to plead a violation of 1692e(10) is to allege that a communication is vague or is susceptible to two meanings. Defendants are mistaken. Section 1692e(10) prohibits the use of "false representation[s] or deceptive means." A plaintiff "may state a claim for an FDCPA violation by alleging that [a defendant] made a representation that was false *or* deceptive *or* misleading." Mushinsky v. Nelson, Watson & Assoc., LLC, 642 F. Supp. 2d 470, 473 n.3 (E.D. Pa. 2009). It would be against the broad, remedial purpose of the FDCPA to prohibit statements that are susceptible to two meanings – one deceptive and one not

7

– but not prohibit statements that are plainly deceptive and not susceptible to multiple interpretations.

In any event, Russo has adequately alleged a violation of the FDCPA. The complaint alleges that defendants "deceptively agree[d] to a settlement with [Russo] which [they] never intended to abide by and/or intended to breach." Defendants' statement that they "agreed to accept . . . payment(s) totaling $4,306.00 as settlement for monies owing on [Russo's] account" is therefore false insofar as they did not intend to accept such a total as a settlement. Defendants' statement, as alleged, is also deceptive and misleading as Russo reasonably believed that by making eleven payments totaling $4,306.00 he would have settled his debt, and that was not the case. Russo has therefore alleged facts which plausibly give rise to an entitlement to relief under the FDCPA. See Hunter v. Capital Mgmt. Servs., LP, No. 13-CV-719C, 2013 WL 6795630, at *4 (W.D.N.Y. Dec. 19, 2013).

For the reasons stated above, defendants' motion is granted as to the second cause of action for breach of the implied covenant of good faith and fair dealing. Defendants' motion is otherwise denied.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

8